UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIN NIKOOSERESHT,<br><br>    Petitioner,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER,<br>Governor,<br><br>    Respondent. | No. C 10-1791 MHP (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Ramin Nikooseresht, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Nikooseresht states in his petition that he is serving a sentence of 15 years to life on a 1993 conviction in San Francisco County Superior Court for second degree murder. His petition does not challenge that conviction but instead challenges a March 24, 2009 decision by Governor Schwarzenegger that reversed a decision by the Board of Parole Hearings ("BPH") and found him not suitable for parole. Nikooseresht filed unsuccessful habeas petitions in the state courts, including the California Supreme Court, before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Nikooseresht alleges in his petition that the Governor's decision violated his federal right to due process because it was not supported by sufficient evidence.  Liberally construed, this claim is cognizable in a federal habeas proceeding.

**CONCLUSION**

For the foregoing reasons,

1. The petition's due process claim warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 1, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 5, 2010**.  Petitioner's traverse, including any memorandum of points and authorities, may not exceed 20 pages in

length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 30, 2010

Marilyn Hall Patel
United States District Judge